CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

2/27/20

JULIA C. DUDLEY, CLERK
BY:    K. Dotson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

RITA LOUK,

      **Plaintiff,**

**v.**                                     Civil Action No. ____5:20cv00014____

**WRIGHT WAY MOTORS LLC,**
**and**
**F&M BANK,**

      **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1.      This case arises from a fraud committed against a consumer who was tricked by a car dealer during the purchase of a car on credit. The car dealer falsified the numbers in the transaction by use of a "dealer rebate" even though Virginia law prohibits such dealer rebates. Furthermore, the dealer misrepresented that Plaintiff Rita. Louk was approved for credit when in fact the dealer falsified her credit information and then obtained approval on that falsely created information. This two-step fraudulent scheme violated the Federal Truth In Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), and the Virginia Consumer Protection Act ("VCPA") and constitutes common-law fraud. Plaintiff brings this action to recover actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to the TILA, 15 U.S.C. § 1640, the ECOA 15 U.S.C. § 1691e, and 28 U.S.C. §§ 1331, 1343(a)(3).  Supplemental jurisdiction of the state law claims regarding the same transactions and events is provided under 28 U.S.C § 1367.

3.      This Court is the proper venue for this action because the transction occurred in this district and then dealer sold the falsified credit transaction to a defendant whose place of business is in the Harrisonburg Division.

### III. <u>PARTIES</u>

4.      Plaintiff Rita Louk ("Ms. Louk") is a natural person, who negotiated a car sale on credit for consumer purposes as governed by the TILA, the ECOA, and the VCPA.

5.      Defendant Wright Way Motors LLC ("Wright Way Motors") is a Virginia corporation with its principal place of business at 1440 S. Durant Road, Covington, VA 24426. Its registered agent is Ronald W. Vaught, at 355 W. Main Street, Covington, VA 24426. In the transaction, it was a "creditor" as defined by the TILA, 15 U.S.C. § 1602(f), and the ECOA, 15 U.S.C. § 1691a(e).

6.      Defendant F&M Bank, Inc. ("F&M") is a Virginia corporation doing business throughouth Virginia.  Its registered agent is Mark Hanna, at 205 S. Main Street, P.O. Box 1111, Timberville, Virginia, 22853. As Wright Way Motors's assignee, it contractually agreed to be liable for all claims and defenses Ms. Louk has against Wright Way Motors, subject to the terms of that contract.

### IV. <u>FACTS</u>

7.      Ms. Louk lives part-time in West Virginia and part-time in Covington, where she cares for her grandchildren.

8.      She also has a chronic medical condition which makes moving around difficult, and which requires her to carry an oxygen supply with her.

9.      She requires reliable transportation to care for her grandchildren and to maintain her own health.

10.     In March 2019 she wanted to replace her car with a more reliable car.

11.     Ms. Louk purchased a 2014 Buick Lacrosse from Wright Way Motors on March 4, 2019 on a Retail Installment Sale Contract. (Exhibit A).

12.     Wright Way Motors then sold that credit contract to F&M.

13.     As set forth on the second page of that credit contract, by accepting the assignment F&M contractually agreed to be liable for all claims and defenses that Ms. Louk has against Wright Way Motors, up to the amounts due under the contract.

14.     At the time of the transaction, Wright Way Motors represented to Ms. Louk that she qualified for credit through F&M.

15.     That representation was not true.

16.     A Wright Way Motors employee, Austin Best, asked Ms. Louk for her name, address, phone number, and social security number.

17.     Although Ms. Louk was ready to provide her income information, she was not asked about that information.

18.     Wright Ways Motors then arranged for F&M to agree to purchase a credit contract transaction by falsely stating Ms. Louk's income on a credit application.

19.     It put $31,000.00 as an annual salary for her even though in 2019 she received monthly Social Security of $863.00.

20.     The credit application it used, attached as Exhibit B, shows where it put the false information of $31,000.00 annual income.

21.     Ms. Louk never saw the original document with the falsified income, and she did not see a copy of this document until she received it from F&M long after the transaction.

22.     Ms. Louk did not sign this document with the falsified salary information on it.

23.     As shown on Exhibit C, the $863.00 that she received each month in Social Security benefits was after subtracting $135.50 for Medicare from a total monthly amount of $998.50; even using the $998.50 amount, her annual income was only $11,982.00, or about one-third what Wright Way Motor stated.

24.     Ms. Louk did not know they were misrepresenting her income to get approval.

25.     She never told them she was employed or that she received any "salary" at all.

26.     Based on her true information, Ms. Louk did not qualify for the credit through F&M.

27.     Wright Way Motors falsely told her that she was approved based on the information she provided.

28.     Ms. Louk agreed to the transaction only because they told her that she qualified for the financing.

29.     Additionally, at that time Wright Way Motors offered a "March Madness" matching down payment of $250.00.

30.     Exhibit D is just one of their advertisements about this program.

31.     Under Virginia Code Section 46.2-1581(10) and the regulations found at 24 VAC 22-30-30(J), such dealer rebates are not to be used in Virginia.

32.     The true downpayment was just the $300.00 that she provided.

33.     Exhibit E is the electronic down payment receipt for the true down payment of $300.00.

34.     In reality, the car's purchase price was only $11,949.00 because the "dealer rebate" is actually a falsely inflated amount above what the true amount the dealer is asking for the car.

35.     The "dealer rebate" was used to falsely convey to F&M that her downpayment was higher than it actually was.

36.     Wright Way Motors knew that the amount of the downpayment was a consideration in F&M's decision to purchase the credit contract.

37.     Wright Way Motors knew the higher the disclosed downpayment, the more likely F&M would agree to purchase the credit contract.

38.     The dealer rebate was thus a consequence of the transaction being for credit.

39.     The effect of the dealer rebate was to overstate by $18.00 the taxes that should have been paid.

40.     The taxes were overstated because Ms. Louk should have only paid taxes on the true sale price of $11,949.00.

41.     Ms. Louk agreed to the transaction without knowing that the dealer rebate was illegal.

42.     After the car had multiple mechanical problems, Ms. Louk stopped paying for it, and it has been repossessed by F&M.

43.     Ms. Louk notified F&M of the claims she had against the seller by letter attached as Exhibit F (exhibits omitted).

44.     F&M has refused to honor those claims.

45.     Instead, F&M has threatened to bring a lawsuit in Rockingham County to recover a deficiency by letter attached as Exhibit G.

46.     Ms. Louk owes nothing to F&M because she properly canceled the transaction after learning of the fraud and because the amount of her claims against Wright Way Motors exceeds any amount owed to F&M.

47.    F&M has refused to take any responsibility or liability for Wright Way Motors' wrongdoing despite its contractual agreement to be subject to all claims and defenses that Ms. Louk had against Wright Way Motors.

48.    Wright Ways Motor acted in conscious or reckless disregard of Ms. Louk's rights sufficient to justify a punitive award against it.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Violations of the Truth in Lending Act Against Wright Way Motors**

49.    As the creditor in the transaction, Wright Way Motors was required to provide Ms. Louk with accurate TILA disclosures.

50.    Regarding credit contract, Wright Way Motors violated the TILA and Regulation Z by failing to properly deliver accurate disclosures as required by the TILA and Regulation Z.

51.    The material TILA disclosures were not accurate because the numbers did not reflect the true sale price or the true taxes amount, and thus the "Amount Financed" was overstated by $18.00.

52.    That $18.00 was actually part of the cost of credit and the "Finance Charge" was understated by $18.00.

53.    This violation denied Ms. Louk the true information about the transaction that she needed to determine whether to accept it or not.

54.    Ms. Louk is entitled to recover statutory damages of $2,000.00 for this violation.

55.    Ms. Louk suffered actual damages, including overpaying for the car, as a result of this violation.

## SECOND CAUSE OF ACTION
### Violations of the Equal Credit Opportunity Act Against Both Defendants

56.     Wright Way Motors violated the ECOA and Regulation B by not providing Ms. Louk with proper notice of the action taken regarding Ms. Louk's credit application as required by 15 U.S.C. § 1691(d) and 12 C.F.R. § 202.9.

57.      Wright Way Motors misrepresented that Ms. Louk's application for credit had been approved when Wright Way Motors knew that it had falsified the credit application and that Ms. Louk had not actually been approved.

58.     Ms. Louk was harmed by this violation because she believed she had actually qualified for the terms shown in the credit contract.

59.     Wright Way Motors also violated the ECOA by not providing Ms. Louk notice of the adverse action taken by it regarding her request for credit.

60.     Functionally, Wright Way Motors denied her truthful application for credit.

61.     In the alternative, Wright Way Motors violated the ECOA by not providing Ms. Louk actual notice of the terms of its counteroffer that she agree to accept the credit on the condition that she knowingly participate in defrauding F&M.

62.     Ms. Louk would never have agreed to defraud F&M.

63.     As a result of these ECOA violations, Ms. Louk suffered substantial actual damages, including but not limited to, the loss of her rights to information about the actions taken on her credit application and the reasons for those actions, loss of time, and inconvenience and other distress.

## THIRD CAUSE OF ACTION
### Fraud Against Both Defendants

64.     Wright Way Motors falsely represented that Ms. Louk qualified for credit.

65.    By use of the improper "dealer rebate" Wright Way Motors falsely represented the true price of the car and falsely represented the taxes that were actually owed.

66.    Wright Way Motors concealed from Ms. Louk the material fact that it was vastly overstating her income to F&M.

67.    Wright Way Motors intentionally made these false representations and intentionally concealed the truth and intended that Ms. Louk and others rely upon them.

68.    Ms. Louk reasonably relied on these false representations and concealment and suffered harm as a result of that reliance.

69.    Ms. Louk suffered substantial actual damages, including but not limited to, the loss of her rights to information about the actions taken on her credit application and the reasons for those actions, the loss of time, and inconvenience and other distress.

**FOURTH CAUSE OF ACTION**
**Violation of the Virginia Consumer Protection Act Against Both Defendants**

70.    Pursuant to Va. Code § 59.1-200, Plaintiff is entitled to pursue a VCPA claim against Wright Way Motors.

71.    As to Ms. Louk, Wright Way Motors violated the prohibition contained in Va. Code § 59.1-200(A)(14) against using any deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction in several different ways, including by each of the misrepresentations underlying the fraud claim above.

72.    Wright Way Motors committed these VCPA violations deliberately and willfully.

73.    As a result of the VCPA violations against her, Ms. Louk suffered substantial actual damages, including but not limited to, the loss of her rights to information about the actions taken on her credit application and the reasons for those actions, the loss of time, and inconvenience and other distress.

74.     Under the VCPA, § 59.1-204, Ms. Louk is also entitled to treble damages because Wright Way Motors's violations were willful.

75.     Ms. Louk may also recover reasonable attorneys' fees and court costs under the VCPA. VA. CODE ANN. § 59.1-204(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court:

1.     Assume jurisdiction of this case;

2.     Award actual damages to Ms. Louk under the TILA, ECOA, Fraud, and VCPA claims, in a manner so as to avoid a double recovery for the same harm;

3.     Declare that the credit contract is unenforceable and void because it was procured through fraud and violations of the ECOA and the VCPA;

4.     Award statutory damages in the amount of $2,000, in accordance with the Truth in Lending Act, 15 U.S.C. § 1640(a)(2)(A)(i);

5.     Award statutory punitive damages in the amount of $10,000 against Defendant Wright Way Motors for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691e(b);

6.     Award three times the actual damages or $1,000, whichever is greater, for each willful violation of the Virginia Consumer Protection Act pursuant to VA. CODE ANN. § 59.1-204(A), against Wright Way Motors;

7.     Award punitive damages against Wright Way Motors based upon its fraud, up to the amount allowed under Virginia law;

8.     Award against F&M Bank all liability for the ECOA, Fraud and VCPA claims against Wright Way Motors under the terms of the credit contract it purchased;

9.      Award  Plaintiff her costs and reasonable attorneys' fees in accordance with the

Truth in Lending Act, the Equal Credit Opportunity Act, the Virginia Consumer Protection Act,

and Virginia common law;

10.  Award pre-judgment and post-judgment interest; and

11.  Award such other relief, including equitable relief that may be available, as the Court

deems appropriate.

**TRIAL BY JURY IS DEMANDED.**

                                        Respectfully submitted,
                                        Rita Louk
                                        By Counsel


   __/s/ Dale W. Pittman_____
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Thomas D. Domonoske, VSB #35434
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23601
Telephone (540) 442-7706
tom@clalegal.com

WriCounsel for Rita Louk